UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. McClellan, <br> a/k/a James Anderson McClellan, <br><br> Petitioner, <br><br> vs. <br><br> Warden of Lee Correctional Institution, <br><br> Respondent. | C/A No. 9:14-2995-JMC-BM <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, James A. McClellan, a/k/a James Anderson McClellan, a state prisoner in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"), filed this Petition for Writ of Habeas Corpus pro se and in forma pauperis, pursuant to 28 U.S.C. § 2254. In this Petition, Petitioner seeks to challenge his March 1, 2011 conviction for possession of a cell phone. See Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se



litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petititoner is currently serving a sentence of life in prison on the charges of kidnaping (1990-GS-42-00025) and first-degree burglary (1990-GS-42-00024), to which he plead guilty in the Court of General Sessions for Spartanburg County on February 14, 1990. See McClellan v. Cartledge, 9:06-3057-PMD, 2009 WL 210922 (Jan. 28, 2009); Spartanburg County Seventh Judicial Circuit Public Index http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=C555406&CaseType=C, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=C555407&CaseType=C (last visited Nov. 7, 2014).[1] On April 27, 2009, Petititoner pled guilty in the Court

---

[1] The Court may take judicial notice of factual information located in postings on government web sites. See Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) (noting that some courts (continued...)



2

of General Sessions for Spartanburg County to threatening the life, person, or family of a public official, teacher or principal and was sentenced to five years consecutive to his current sentence. See Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?CourtAgency=42001&Casenum=2005GS4204085&CaseType=C (last visited Nov. 7, 2014).[2]

Petititoner states that he is challenging his sentence on March 1, 2011 to thirty days for possession of a cell phone within the Spartanburg County Detention Facility. ECF No. 1 at 1. Records from Spartanburg County reveal that Petititoner pled guilty on March 1, 2011 to the charge of "Prisoners/Contraband, other than illegal drugs or weapons" and was sentenced to time served. See Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42101&Casenum=M750885&CaseType=C (last visited Nov. 7, 2014). Therefore, Petitioner is not entitled to habeas relief because he has not shown that he is "in custody" as to the challenged sentence, and a petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

---

[1](...continued)
have found postings on government web sites as inherently authentic or self-authenticating).

[2]Additionally, records from this Court indicate that Petititoner was sentenced in April 2006 to a term of twenty-seven months imprisonment to be served consecutive to his first degree burglary and kidnaping sentences. See United States v. McClellan, 2:04-cr-00949-DCN (D.S.C.). A federal court may take judicial notice of the contents of its own records. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



3

The "in custody" requirement for obtaining habeas relief necessitates "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989); see Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986). The word "custody" usually "'signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.'" Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538 (5th Cir. 2003) (quoting Pack v. Yusuff, 218 F.3d 448, 454 n. 5 (5th Cir. 2000)).[3] However, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal court's subject matter jurisdiction, and a habeas petition filed by such a person is properly denied. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990); see also Lefkowitz v. Fair, 816 F.2d 17, 20 (1st Cir. 1987)[habeas petition filed after an individual's unconditional release from prison properly denied by the district court].

As noted above, Petititoner was sentenced in the Spartanburg County Court of Common Pleas to a sentence of time served on March 1, 2011. Even if he was sentenced to thirty days, as asserted by Petititoner in his Petition, more than three years had passed since his sentencing date at the time he filed his Petition.[4] Petitioner himself, in his response to Special Interrogatories,

---

[3] A probationary sentence can also satisfy the "in custody" requirement of § 2254(a). Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984).

[4] Inmate records from SCDC state that Petititoner's "Current Offenses" include kidnaping, burglary, "threat life/fam publ off," and "smuggle contraband. See http:// public.doc.state.sc.us/sc dc-public/ [Search Inmate "James McClellan"](last visited Nov. 7, 2011). The "smuggle contraband" offense is listed as being from Spartanburg County with an "active" status, a sentence of one day, and a start date of 2/28/2011. Review of the Spartanburg County website did not reveal any sentence with a start date of 2/28/2011. Further, Petititoner states in his Petition that he is challenging his conviction with a start date of March 1, 2011. ECF 1 at 1. There are also no allegations in the Petition that the March 2011 conviction was used to enhance his current sentence(s), but even in such event, a habeas petitioner does not "remain 'in custody' under a
(continued...)

4

checked "yes" to the question "Have you completed the sentence imposed on March 1, 2011." See Petitioner's Answers to the Court's Special Interrogatories, ECF No. 9. Additionally, while the "in custody" requirement has been broadened to include other types of restraint on liberty, such as probation and parole, Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012), Petitioner provides no facts in the pleading to demonstrate that he is in "custody" for the March 2011 conviction so as to allow for a habeas claim.

Hence, as Petitioner has not shown that he is "in custody" pursuant to § 2254, this action should be dismissed for lack of subject matter jurisdiction.

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be dismissed, without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 13, 2014
Charleston, South Carolina

---

[4](...continued)
conviction after the sentence imposed for it has fully expired merely because" that conviction has been used to enhance a subsequent sentence. Maleng, 490 U.S. at 492.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

